

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00358-CV

## IN THE INTEREST OF D.F.C., A CHILD

**From the 13th District Court
Navarro County, Texas
Trial Court No. D13-22170-CV**

## MEMORANDUM OPINION

Appellant's first issue asserts that the trial court judge was disqualified from hearing the case. *See* TEX. CONST. ART. V, § 11; TEX. R. CIVIL P. 18. The trial court judge had been the prosecutor that represented the Department of Family and Protective Services in a much earlier Department proceeding involving the same child who is the subject of this proceeding. This prior representation was not called to the attention of the trial court and, particularly in light of the time since the prior representation, there is nothing in the record to indicate that the trial court had an independent recollection of that prior representation. The Department recognizes the merits of Appellant's issue and

concedes that the trial court judge is constitutionally disqualified from being the trial court judge deciding this case.

The Department asks that we sustain Appellant's first issue, hold that the trial court judge erred by failing to *sua sponte* disqualify himself, and reverse the trial court's judgment. We agree that is the proper disposition of the issue in this appeal.

Accordingly, the trial court's judgment is reversed and the case is remanded for further proceedings.[1]

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Reversed and remanded
Opinion delivered and filed April 16, 2015
[CV06]



---

[1] In light of the Department's concession, and to expedite the disposition of this appeal, we use Rule 2 of the Texas Rules of Appellate Procedure and suspend the normal 21 days' notice required for submission. TEX. R. APP. P. 2; 39.8. Additionally, pursuant to Rule 18.6 of the Texas Rules of Appellate Procedure, the mandate will issue with the Court's judgment. TEX. R. APP. P. 18.6.